-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT R. SIOLESKI,

        Plaintiff,

        -v-

G. MCGRAIN, et al.,

        Respondents.

**DECISION and ORDER**
10-CV-665S

---

        On December 21, 2010, the Court granted plaintiff permission to proceed *in forma pauperis* and, upon review of the *pro se* complaint pursuant to 28 U.S.C. § § 1915(e)(2)(B) and 1915A, dismissed the claims against certain defendants with prejudice for failure to state a claim upon which relief may be granted.  Those defendants were Brian Fischer, Commissioner; the Department of Correctional Services; and Corrections Officer Bennett.  This Court also granted plaintiff leave to file an amended complaint with respect to the claims against the remaining defendants.  (Docket No. 4., Decision and Order.)

        Following entry of the Decision and Order, plaintiff submitted a letter expressing his displeasure with the dismissal of Correctional Officer Bennett.  (Docket No. 7.)  The Clerk of the Court docketed the letter as a Letter Motion and the Court construes the Letter Motion as a Motion for Reconsideration of that part of the Decision and Order dismissing the claim against Bennett.  For the reasons set forth below, the Letter Motion is denied.

        The claim against Bennett was dismissed because allegations of verbal threats or harassment alone do not state a constitutional violation.  (Decision and Order, at 12-13.)  Plaintiff's complaint alleged only that "C.O. Bennett–Threaten Assault on my Person."  (*Id.*)  Plaintiff's Letter Motion states that: "[I] feel your decision concerning C.O. Bennett was the wrong move, on [January] 27, 2011, this officer came to my cell and verbily [sic] harassed" by swearing at plaintiff.  (Docket No. 7.)  Plaintiff also alleges in his letter that this officer has

had a "few complaints" filed against him at Elmira . . ." and asks the Court to reconsider its decision. (*Id.*)

"Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 716 (S.D.N.Y. 2003) (quoting *In re Health Management Systems Inc. Secs. Litigation,* 113 F. Supp. 613, 614 (S.D.N.Y. 2000)). Therefore, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation*, Inc., 70 F.3d 255, 256–57 (2d Cir.1995). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' " *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478).

Plaintiff has not demonstrated that this Court overlooked any controlling law in its prior Order, and an allegation that Bennett verbally harassed plaintiff on a date subsequent to the date of the Order and has had a few complaints filed against him at Elmira, is not cause for the Court to reconsider its prior Order dismissing plaintiff's claim against Bennett for failure to state a claim.

Accordingly, plaintiff's motion for reconsideration (Docket No. 7) is DENIED.

SO ORDERED.

Dated: September 2, 2011
Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
