-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT R. SIOLESKI,

        Plaintiff,

        -v-

C.O. MCGRAIN, LIEUTENANT ? (UNKNOWN NAME)
and C.O. HALL,

        Defendants.

**DECISION and ORDER**
10-CV-0665S



## I. INTRODUCTION

Plaintiff, Robert Sioleski, and inmate at the Elmira Correctional Facility, who has been granted permission to proceed *in forma pauperis* herein has filed, pursuant to a Decision and Order (Docket No. 4), a second amended complaint against Defendants Corrections Officer ("C.O.") McGrain, an unnamed "Lieutenant (?)," and C.O. Hall, alleging a violation of his rights to practice his religion under the First Amendment and a claim of retaliation.

Upon review of the amended complaint,[1] pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court dismissed the following claims with prejudice: (1) the claims against former Defendants Brian Fischer, Commissioner, and the Department of Corrections, with prejudice, on the basis of Eleventh Amendment immunity and the failure to allege personal involvement in the alleged constitutional violations (Docket No. 4, Decision and Order, at pp. 8-11); (2) the claim against Defendant Hall to the extent it

---

[1] Plaintiff filed an amended complaint, pursuant to Fed. R. Civ. P. 15(a)(1)(A), shortly after filing the complaint and application to proceed *in forma pauperis*.

alleged that Hall had filed a false misbehavior report against Plaintiff (*id.*, at pp. 11-12); and (3) the claim against former Defendant Bennett to the extent it alleged a claim of verbal harassment or threats in violation of the Eighth Amendment (*id.*, at p. 13). This Court, however, provided Plaintiff with the opportunity to file a second amendment complaint and to amend his claims against Defendant McGrain and Lieutenant (?) to the extent it attempted to allege a First Amendment claim based on a denial of his rights to practice his religious belief--*i.e.*, to wear a ponytail as a Native American--, and the claim against C.O. Hall to the extent it alleged that the misbehavior report was filed in retaliation for a previous claim or claims brought against Hall's fellow correctional officers. These were the only two claims that Plaintiff was allowed to re-plead--all others had been dismissed with prejudice-- but plaintiff has again alleged a claim against C.O. Bennett based on verbal threats and harassment. (*Id.*, at 14-16.) For the following reasons, this Court finds that the claims against Defendants Hall and Bennett are dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), but the religious practices claims against C.O. McGrain and Lieutenant (?) may proceed to service at this time.

## II. DISCUSSION

1.   *Pro Se* **Standard**

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require this Court to conduct an initial screening of this complaint. In evaluating the complaint, this Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. See *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings

liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon,* 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007) (internal quotation marks and citation omitted). A complaint is subject to dismissal "unless its factual allegations, if credited, make the claim 'plausible.' " *See Oliveras v. Wilkins,* NO. 06 CV 3578 (DAB), 2010 WL 423107, at *7 (S.D.N.Y., Feb. 5, 2010) (Report and Recommendation adopted by District Judge) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)). Generally, as this Court has done herein, a *pro se* plaintiff will be afforded an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon,* 480 F.3d 636, 639 (quoting *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

### 2.   Religious Practices Claim

Plaintiff alleges that on April 20, 2010, C.O. McGrain accused him of wearing an illegal hairstyle stated to him "you tell me this hairstyle is on your I.D." Plaintiff handed him his identification card but the unknown Lieutenant still claimed that Plaintiff's haircut was illegal. Apparently Plaintiff was then "lock[ed] in" and claims that all that the Lieutenant had to do was make a phone call or use the radio to confirm with someone that his haircut was

"legal." Plaintiff also notes that he had been at the Facility for three to four months before this incident, so "why wait 3 or 4 months to harass [him]." (Second Amended Complaint, ¶ 5A, First Claim, at 5.) He also claims that the issue was resolved "after [he] cut off his ponytail, I thought N.A. [Native Americans] were exempt" and that his "D.N.A. will prove [his] Native American descendant culture, thus my hairstyle. I'm 53 years old, not a youth--I [have] worn my hair like this for 20 yrs." (Id.) Lastly, he claims in a separate part of the second amended complaint that he is a "Native American descendant" and wants to be "le[ft] alon[e] with [his] hairstyle and [be allowed] to attend Native American Program with Smudging, Beading, making Native crafts, religious services, etc." (Id., Section 5A, Second Claim, at 6). In the "Relief Sought" Section of the second amended complaint, plaintiff states that he "wish[es] to be recognized for [his] Native American culture and attend religious services for N.A. Also smudge sage, craft[]s and not [to] be harassed about it." (Id., at 6.)

In the Decision and Order directing Plaintiff to file an amended complaint, this Court noted that, while it appeared that Plaintiff was alleging that being locked in for one hour while McGrain and Lieutenant (?) checked to see if having his hair in a ponytail was "legal" was violation of his rights, Plaintiff did not allege that he had a sincerely held religious belief to wear his hair in a ponytail nor that McGrain and Lieutenant (?) substantially burdened that belief by ordering him to lock in his cell for one hour. *See Salahuddin v. Goord*, 467 F.3d 262, 274-75 (2d Cir. 2006 ) (a religious liberty claim under the First Amendment requires a prisoner to demonstrate "that the disputed conduct substantially burdens his sincerely held religious beliefs.") (emphasis added) (citing *Ford v. McGinnis*, 352 F.3d 582,

588 (2d Cir. 2003)).² "[A] religious belief is 'sincerely held' when the plaintiff subjectively and sincerely holds a particular belief that is religious in nature." *Parks v. Smith*, No. 9:08–CV–0586 (TJM/GHL), 2011 WL 4055415, at *7 (N.D.N.Y., Mar. 29, 2011). The Court is not "to evaluate the objective reasonableness of the prisoner's belief," and "[its] scrutiny extends only to whether a [plaintiff] sincerely holds a particular belief and whether the belief is religious in nature.' "). *Ford*, 352 F.3d at 589 (quoting *Jolly v. Coughlin*, 76 F.3d 468, 476 (2d Cir. 1996)). "[T]he relevant inquiry is not whether, as an objective matter, the belief is 'accurate or logical.' " *Jackson v. Mann*, 196 F.3d 316, 320 (2d Cir.1999) (quoting *Jolly*, 76 F.3d at 476). Rather, the inquiry is whether the plaintiff's beliefs are " 'sincerely held and whether they are, in his own scheme of things, religious.' " *Id.* (quoting *Patrick v. LeFevre*, 745 F.2d 153, 157 (2d Cir.1984)).

While this Court is admittedly skeptical at this time of the validity of Plaintiff's First Amendment and Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims alleging a denial of his right wear his hair in a ponytail and to participate in Native American religious programs and services, this Court is compelled, pursuant to Second Circuit

---

²While the Court finds no reference in the second amended complaint to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, the court is obligated to construe the second amended complaint liberally and therefore construes the second amended complaint to also allege a claim under RLUIPA. RLUIPA provides that: "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest. 42 U.S.C. § 2000cc-1. In a RLUIPA claim, "[t]he prisoner must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs." *Saluhuddin*, 467 F.3d at 274-75. Courts analyzing RLUIPA claims use the First Amendment "sincerely held religious beliefs" standard to determine whether a plaintiff was engaged in a "religious" exercise. *See, e.g., Pugh v. Goord*, 571 F.Supp.2d 477, 504–05 (S.D.N.Y. 2008); *Singh v. Goord*, 520 F.Supp.2d 487, 498 (S.D.N.Y. 2007).

precedent, to allow this claim to proceed and direct service of this claim against McGrain.[3] See, e.g., McEachin, 357 F.3d at 200 ("We have frequently reiterated that '[s]ua sponte dismissals of pro se prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.' ") (quoting Moorish Sci. Temple of Am. Inc. v. Smith, 693 F.2d 987, 990 (2d Cir. 1982)); Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam) ("Sua sponte dismissal of a pro se complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (Citations and internal quotations omitted)).

With respect to Lieutenant (?), the Court will, pursuant to Valentin v. Dinkins, 121 F.3d 72, 75 (2d Cir. 1997), ask the New York State Attorney General's Office to use its best efforts to ascertain the identity of said Lieutenant, who plaintiff claims was stationed at the magnetometer on April 20, 2010, along with C.O. McGrain, and ordered Plaintiff to lock-in because of his ponytail.

### 3.   Retaliation Claim

The amended complaint alleged that Defendant Hall had filed a false misbehavior report against Plaintiff for not reporting an assault by another inmate. This Court already dismissed that claim, see Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986), but because Plaintiff had used the word "retaliation" in a letter he forwarded to the Superintendent and attached to the amended complaint and also referenced "bogus

---

[3]Defendants are not precluded by this Decision and Order from moving to dismiss this claim, pursuant to Fed.R.Civ.P. 12(b)(6), upon service of the summons and second amended complaint.

charges and tickets in retaliation for . . . earlier claims [plaintiff] brought against a few of C.O. Hall's fellow teamster brothers" in a letter, dated September 23, 2010, attached to the amended complaint (Docket No. 3), this Court provided plaintiff an opportunity to amend the complaint to allege an actionable retaliation claim against Hall. (Docket No. 4, Decision and Order, at 11-13.) The second amended complaint, however, again fails to state a retaliation claim against Hall under the First Amendment

Plaintiff again alleges that Hall falsely reported that he did not report an assault, although plaintiff claims he did report the assault, and that during the Hearing a Sergeant informed the Hearing Officer that the attacker's hands were not swollen or cut up. Plaintiff alleges that the attacker's hands were not swollen or cut because he had worn handball gloves. He claims that he would just "like to get a little justice . . . and [is] not a problem inmate . . . ." (Second Amended Complaint, attached handwritten sheet of paper.) He further alleges that he has stopped taking all his medications and "fear[s] the correctional staff here will continue to make up 'LIES' and issue bogus tickets as a means of retaliation for filing this claim. . . ." (*Id.*) These allegations, however, are again devoid of any factual content that state a plausible First Amendment retaliation claim against Hall and the claim must be dismissed with prejudice.

To state a retaliation claim under § 1983, "a plaintiff must show that: (1) his actions were protected by the Constitution or federal law; and (2) the defendant's conduct complained of was in response to that protected activity." *Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000) (internal quotation and citation omitted). As to the second prong, a prisoner alleging retaliation must show that the protected conduct was "a substantial or motivating factor" behind the alleged retaliatory conduct. *See Graham v.*

*Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). Evidence that can lead to an inference of improper motive includes: (1) the temporal proximity of the filing of a grievance and the alleged retaliatory act; (2) the inmate's prior good disciplinary record; (3) vindication at a hearing on the matter; and (4) statements by the defendant regarding his motive for disciplining plaintiff. *See Colon v. Coughlin*, 58 F.3d 865, 872-73 (2d Cir. 1995).

Because claims of retaliation are easily fabricated, the courts must "examine prisoners' claims of retaliation with skepticism and particular care," *Colon*, 58 F.3d at 872, requiring " 'detailed fact pleading . . . to withstand a motion to dismiss.' " *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) (quoting *Angola v. Civiletti*, 666 F.2d 1, 4 (2d Cir. 1981)). To survive a motion to dismiss, such claims must be " 'supported by specific and detailed factual allegations,' " and not stated " 'in wholly conclusory terms.'" *Friedl*, 210 F.3d at 85-86 (quoting *Flaherty*, 713 F.2d at 13); *see also Graham*, 89 F.3d at 79 (wholly conclusory claims of retaliation "can be dismissed on the pleadings alone"); *Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987) (same).

This Court's prior order, providing Plaintiff an opportunity to re-plead this claim, noted that the second amended complaint had to contain "factual allegations that provide more than conclusory claims of retaliation [and] such claims must be supported by specific detailed factual allegations and not stated in wholly conclusory terms." (Docket No. 4, at 12 (internal quotations and citations omitted.) The second amended complaint is devoid of any factual allegations that the misbehavior report was filed in retaliation for a prior claim or claims against Hall's fellow correctional officers. There are simply no allegations of fact that would lead to an inference of improper motive and that "a substantial or motivating

factor" behind the filing of the misbehavior report was prior complaints or grievances. *See Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). Accordingly, Plaintiff's claim of retaliation against Hall must be dismissed with prejudice.

### 4. Threats of Assault

Despite this Court's prior dismissal with prejudice of claims against former Defendant C.O. Bennett that alleged that Bennett had "[t]hreaten[ed] [an] [a]ssault on [plaintiff's] [p]erson," and despite the fact that Plaintiff was granted leave to file a second amended complaint with respect to the claims of religious discrimination and retaliation only, Plaintiff attempts to again plead a claim against Bennet in the second amended complaint. (Docket No. 5, Second Amended Complaint, ¶ 5A, Second Claim, at 5-6.) Even if this Court were to reconsider its prior dismissal of this claim with prejudice (*id.*, at 13-14), Plaintiff's allegations of threats and harassment by Bennett nonetheless fail to state an actionable claim under the Eighth Amendment. *See, e.g., Mortimer Excell v. Fischer*, Civ. No. 9:08-CV-945 (DHN/RFT), 2009 WL 3111711, at *6 (N.D.N.Y. Sept. 24, 2009) ("It is well settled law in this Circuit that 42 U.S.C. § 1983 is not designed to rectify harassment or verbal abuse.") (citations omitted); *Moncrieffe v. Witbeck*, No. 97-CV-253, 2000 WL 949457, at *3 (N.D.N.Y. June 29, 2000) (verbal threats alone do not constitute a violation of an inmate's federally protected rights) (quoting *Aziz Zarif Shabbazz v. Pico*, 990 F. Supp. 460, 474 (S.D.N.Y. 1998)).

## III. CONCLUSION

For the reasons discussed above, Plaintiff's claims against C.O.'s Hall and Bennett are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Further, the U.S. Marshal is directed to serve the summons and second amended complaint on C.O. McGrain regarding the sole remaining First Amendment and RLUIPA religious beliefs claim.

## IV. ORDERS

IT HEREBY IS ORDERED that the claims against C.O. Hall and C.O. Bennett are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate Defendants C.O. Hall, C.O. Bennett and "Lt. Magnetron"[4] as parties to this action;

FURTHER, that the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Second Amended Complaint, and this Order upon C.O. McGrain without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that the New York State Attorney General's Office is hereby requested to ascertain the identity of Lieutenant (?) and provide an address at which to serve him by **February 5, 2012**. Once this information is provided, Plaintiff's second amended complaint shall be deemed amended to reflect the full name of the Defendant, a summons shall be issued, and this Court shall direct service on the Defendant. The Clerk of the Court is directed to forward a copy of the second amended complaint and this Decision

---

[4]This defendant is listed in the caption of the Court's Docket Report in this matter but is not named as a defendant in the second amended complaint and is presumed to be the same person identified as Lieutenant (?).

and Order to the Assistant Attorney General in Charge, New York State Attorney General's Office, Main Place Tower, Suite 300A, 350 Main Street, Buffalo, New York 14202;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), Defendant McGrain is directed to respond to the second amended complaint.

SO ORDERED

Dated:     January 4, 2012
Buffalo, New York

_____
WILLIAM M. SKRETNY
Chief Judge
United States District Court