-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERT R. SIOLESKI,

              Plaintiff,

          -v-

C.O. MCGRAIN, LIEUTENANT ??,[1]

              Defendants.

_____

**DECISION and ORDER**
10-CV-0665S

## INTRODUCTION

Upon review of Plaintiff's[2] "Second Amended Complaint" (Docket No. 5), pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court dismissed with prejudice the claims against Defendants C.O. Hall and C.O. Bennett for failure to state a claim upon which relief can be granted, directed the Clerk of the Court to terminate C.O. Hall, C.O. Bennett and "Lt. Magnetron" as parties to this action and directed service of the Summons and Second Amended Complaint against Defendant C.O. McGRAIN. (Docket No. 5, Second Amended Complaint, at 10-11.)[3] The Court also requested the New York State Attorney General, Buffalo Regional Office, to attempt to ascertain the identity of defendant Lieutenant ? and

---

[1] These are the only two defendants that remained following the Court's Decision and Order, filed January 5, 2012. (Docket No. 10, at 10-11.)

[2] Plaintiff is an inmate at the Elmira Correctional Facility who is appearing *pro se* and has been granted permission to proceed as a poor person pursuant to 28 U.S.C. § 1915a.

[3] Upon review of Plaintiff's First Amended Complaint (Docket No. 3), which was filed shortly after the filing of the complaint, *see* Fed.R.Civ.P. 15(a)(1), and application to proceed in forma pauperis, the Court dismissed the claims against former Defendants Department of Correctisons, Fischer, Commissioner, and C.O. Bennett, with prejudice. (Docket No. 4.) Plaintiff was also provided permission to file the Second Amended Complaint (Docket No. 5).

that, upon identification of said Defendant, the Second Amended Complaint would be deemed amended to reflect the full name of Lieutenant ? and the Summons and Second Amended Complaint would be served upon said Defendant. (*Id.*, at 10.) A Summons was issued for Defendant McGrain on January 9, 2012, but there is no information at this time regarding whether service has been completed as to McGrain.

Plaintiff has now filed another "Amended Complaint" ("Third Amended Complaint") (Docket No. 12), without permission or an accompanying motion for leave to file a Third Amended Complaint, and a Motion for Appointment of Counsel (Docket No. 11).[4] Because plaintiff is *pro se* and the Court must liberally construe his papers as raising the strongest possible arguments they suggest, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted), the Court construes the Third Amended Complaint as both a Motion for Leave to File a Third Amended and/or Supplemental Complaint and a Third Amended and/or Supplemental Complaint.

## DISCUSSION

### A. Third Amended Complaint

#### 1. First Claim

The Third Amended Complaint lists in the caption as defendants: C.O. McGrain, Retired Lieutenant Judd Sullivan, who the Court presumes is Lieutenant ?, C.O. Hall, the Department of Correctional Services, Brian Fischer, Commissioner, and C.O. Bennett (Docket No. 12, Third Amended Complaint, § 1B), and appears to raise in the "First Claim"

---

[4]A more fully developed record will be necessary before the Court can determine whether plaintiff's chances of success warrant the appointment of counsel. Therefore, plaintiff's motion is denied without prejudice to its renewal at such time as the existence of a potentially meritorious claim may be demonstrated. See Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (when determining whether to appoint counsel, the Court must first look to the "likelihood of merit" of the underlying dispute).

the same First Amendment religious practices claim plaintiff raised in the Second Amended Complaint,[5] which is the only claim the Court allowed to proceed and which was directed to be served on C.O. McGrain and later Lieutenant ?, if and once he was identified. The First Claim in the Third Amended Complaint, which is set forth on the Court's Form for Filing Prisoner Civil Rights Actions under 42 U.S.C. § 1983, however, is primarily left blank except for the allegations that "[t]he constitutional basis for this claim under 42 U.S.C. § 1983 is: Freedom of Religion, 8th Amendment Right's – Free from Discrimination; Harassment, Retaliation." It also alleges that [t]he relief [plaintiff] is seeking for this claim is . . . : Freedom to Hairstyle my Religion Right's . . . ." (Docket No. 12, Third Amended Complaint, § 5A, First Claim, at 4.)

Accordingly, the Court finds that the First Claim raised in the Third Amended Complaint is the same claim as raised in the First Claim of the Second Amended Complaint and that the two defendants sued on said claim are C.O. McGrain and Retired Lieutenant Judd Sullivan. The Clerk of the Court will be directed to issue a Summons for Retired Lieutenant Judd Sullivan and to cause the United States Marshals Service to serve the Summons and Second and Third Amended Complaints (Docket Nos. 5 and 12), along with this Decision and Order and prior Decision and Orders filed on December 21, 2010 and January 5, 2012 (Docket Nos. 4 and 10), on Sullivan. Defendants C.O. McGrain and Retired Lieutenant Sullivan will be directed to respond to the First Claim of the Third Amended Complaint as is set forth in the First Claim of the Second Amended Complaint

---

[5]This Claim alleges that defendants CO McGrain and Lieutenant? violated plaintiff's First Amendment right to "freedom of religion" when on April 20, 2010, they questioned and harassed him about his haircut and ordered that he be keeplocked for an "illegal haircut." Plaintiff requests that he be allowed to wear his hairstyle as he wishes as a Native American and that he be awarded $3 million dollars for what he claims his a violation of his freedom of religion and constant harassment.

(Docket No. 5, ¶ 5A, First Claim, at 4-5), and the Second Amended Complaint (Firsts Claim) and Third Amended Complaint will be construed as the operative pleading in this matter. Because the Second Amended Complaint has already been ordered to be served on C.O. McGrain (Docket No. 10), the Court finds that service of the Summons and Second Amended Complaint, which includes the same religious practices claim raised in the First Claim of the Third Amended Complaint, once completed will be good and sufficient service of the Third Amended Complaint on McGrain.

   2.  Second Claim

The Third Amended Complaint also sets forth a "Second Claim" (Docket No. 12, ¶ 5B, Second Claim, at 6), which alleges that plaintiff was physically assaulted and harassed by C.O. "Art Fonzy"[6] on January 19, 2012, in retaliation for filing this lawsuit or other claims plaintiff has made. The Court construes this claim as alleging both a First Amendment retaliation claim and an Eighth Amendment Cruel and Unusual Punishment (Excessive Force) claim, and will direct the Clerk of the Court to amend the Caption of this action to include defendant C.O. Art Fonzy, Elmira Correctional Facilily, as a party and cause the United States Marshals Service to serve the Summons and Third Amended Complaint upon Fonzy.

   3.  "Third" or "New" Claim

Attached to the Third Amended Complaint is a document entitled "New Amended Claim," and a Prison Authorization and Motion to Proceed In Forma Pauperis. This "new" claim is titled "Second Claim" and alleges that on January 28, 2012, C.O. J. Issacs asked

---

[6]The Court can only assume, at this time, that this is his real name.

plaintiff for his identification and claimed that he had advised plaintiff in the past about his hairstyle, which plaintiff claims was a lie, and then told plaintiff that he was a Native American and did not want a "'wannabe' trying to belittle [his] cultural heritage." Issacs then told plaintiff to lock-in, despite plaintiff's protestations that he had permission for his hairstyle, and filed a misbehavior report against plaintiff for this incident, which plaintiff claims was false and "retaliation, harassment and racism."[7] The Misbehavior Report, which is attached to the Third Amended Complaint, *see* n. 7, *supra*, notes that plaintiff was charged with violations of the following Inmate Rules: 118.30 (Untidy Cell or Person), 107.20 (False Statements or Info.), 106.10 (Refusing Direct Order) and 110.10 (No I.D. Card). Plaintiff was found guilty of these charges following a Tier II Hearing and sanctioned to 30 days keeplock and loss of commissary, phone and package privileges.[8]

Accordingly, plaintiff is granted permission to file and serve the Third Amended and/or Supplemental Complaint, *see* Fed.R.Civ.P. 15(d), and the Clerk of the Court is directed to also amend the caption of this action to add C.O. J. Issacs, Elmira Correctional

---

[7] Plaintiff also attaches to the Third Amended Complaint numerous correspondence he has written to prison officials, the Inspector General's Office and others and internal Department of Corrections and Community Supervision disciplinary report forms related to the alleged harassment, retaliation and religious discrimination alleged. *See Triestman*, 470 F.3d at 474 (In liberally construing the complaint to "raise the strongest arguments that they suggest[,]", the court may consider affidavits or other documents submitted by the pro se litigant) (citation, internal quotation marks and emphasis omitted).

[8] Plaintiff's Second Claim pled against C.O. Fonzy and the "New Amended Claim" pled against Issacs have been screened by the Court with respect to the 28 U.S.C. §§ 1915(e) and 1915A criteria. *See, e.g.*, *McEachin v. McGuiniss*, 357 F.3d 197, 200 (2d Cir. 2004) ("We have frequently reiterated that '[s]ua *sponte* dismissals of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.' ") (quoting *Moorish Sci. Temple of Am. Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982)); *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (*per curiam*) ("*Sua sponte* dismissal of a *pro se* complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal quotations omitted)).

Facility as a defendant, and to cause the United States Marshals Service to serve the Summons and Third Amended Complaint (Docket No. 12) upon Issacs.

**ORDERS**

IT IS HEREBY ORDERED that the Third Amended Complaint, filed February 14, 2012 (Docket No. 12), is construed as both a Motion for Leave to File and Serve a Third Amended and/or Supplemental Complaint and a Third Amended and/or Supplemental Complaint, and the Motion is granted;

FURTHER, that the Motion for the Appointment of Counsel (Docket No. 11) is denied without prejudice;

FURTHER, that the Clerk of the Court is directed to amend the caption of this action to include as defendants C.O. Art Fonzy and C.O. J. Issacs, and to terminate Brian Fischer, Commissioner; Lieutenant ?, who has been replaced presumably by Lieutenant (Ret.) Judd Sullivan; Correction Officer C. Hall; and Correction Officer Bob Bennett as parties to this action;

FURTHER, that the operative pleading in this action is the Second Amended Complaint, First Claim only (Docket No. 5, § 5A, at 4-5) and the Third Amended Complaint, First Claim, Second Claim and "New Amended Claim" (Docket No. 12);

FURTHER, that the Clerk of the Court is directed to cause the United States Marshals Service to serve the Summons and Second and Third Amended Complaints (Docket Nos. 5 and 12), along with this Decision and Order and prior Decision and Orders, filed on December 21, 2010 and January 5, 2012 (Docket Nos. 4 and 10), upon Defendants (Ret.) Lieutenant Judd Sullivan, C.O. Art Fonzy and C.O. J. Issacs, and said Defendants, along with Defendant C.O. McGrain, are directed, pursuant to 28 U.S.C. §

1997e(g)(2), to respond to the Third Amended Complaint as construed herein (Docket No. 5, Second Amended Complaint ¶ 5A, First Claim, and Docket No. 12, Third Amended Complaint);

FURTHER, that the Clerk of the Court is directed to forward by First Class Mail this Decision and Order to Assistant Attorney General in Charge, Buffalo Regional Office, Main Place Tower, Suite 300A, 350 Main Street, Buffalo, New York 14202.

SO ORDERED

Dated: February 25, 2012
         Buffalo, New York

                                       s/William M. Skretny
                                      WILLIAM M. SKRETNY
                                            Chief Judge
                                  United States District Court