UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT SIOLESKI,

                Plaintiff,

v.                                                       **ORDER**
                                                     10-CV-665S

G. MCGRAIN, et al.,

                Defendants.

      1.      Plaintiff, acting *pro se*, commenced the above-captioned action on August 12, 2010, by filing a Complaint in the United States District Court for the Western District of New York. (Docket No. 1.) Presently before this Court is Plaintiff's renewed Motion to Appoint Counsel.

      2.      On December 21, 2010, this Court granted Plaintiff's Motion to Proceed *In Forma Pauperis*. (Docket No. 4.) Plaintiff then, on February 13, 2012, filed a Motion for Appointment of Counsel. (Docket No. 11.) That motion was denied without prejudice on February 25, 2012. (Docket No. 13.) Defendants thereafter filed their Motion to Dismiss. (Docket No. 18.) That motion remains before this Court.

      4.      Instead of filing a timely response, Plaintiff again asks this Court to appoint counsel due to Plaintiff's inability to understand legal proceedings. (Docket Nos. 21, 24.)

      5.      Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. In fact, this Court cannot "appoint" counsel. Rather, this Court may only *request* that a volunteer attorney review and accept a plaintiff's case. 28 U.S.C. § 1915(e)(1) (providing that a court "may request an attorney to represent any person unable to afford counsel").

6. The standard for determining whether counsel should be appointed is set forth in Cooper v. A. Sargenti Co., 877 F.2d 170, 171-72 (2d Cir. 1989). See also Hodge v. Police Officers, 802 F.2d 58, 60-61 (2d Cir. 1986); Davison v. Goord, 259 F. Supp. 2d 236, 237 (W.D.N.Y. 2002) (relevant factors include merits of plaintiff's case, plaintiff's ability to obtain representation, plaintiff's ability to handle the case without assistance, and the complexity of the legal issues).

6. After careful consideration of the Cooper factors, this Court will deny Plaintiff's Motions for Appointment of Counsel without prejudice.

\* \* \* \* \*

IT HEREBY IS ORDERED, that Plaintiff's Motions for Appointment of Counsel (Docket Nos. 21, 24) are DENIED without prejudice.

FURTHER, that Plaintiff shall file a response to Defendants' Motion to Dismiss (Docket No. 18) by July 24, 2012.

FURTHER, that Defendants shall file their reply, if any, by July 31, 2012.

SO ORDERED.

Dated: July 5, 2012
       Buffalo, New York

                                              s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              Chief Judge
                                              United States District Court