UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT R. SIOLESKI,

                Plaintiff,
    v.                                         **DECISION AND ORDER**
                                                    10-CV-665S

DEPT. OF CORRECTIONAL SERVICES,
CORRECTIONS OFFICER G. McGRAIN,
LIEUTENANT (RET.) JUDD SULLIVAN, and
CORRECTIONS OFFICER J. ISSACS,

                Defendants.

      Presently before this Court is Defendant Corrections Officer G. McGrain's Motion to Dismiss Plaintiff's claims against him.[1] (Docket No. 18.) For the reasons that follow, McGrain's motion is granted.

      Plaintiff, an inmate at the Elmira Correctional Facility ("ECF"), is a Native American who wore his hair consistent with Native American religious and cultural styles for more than 20 years.[2] On April 20, 2010, McGrain and Defendant "Lieutenant ?"[3] challenged whether Plaintiff's Native American hairstyle was "legal" in the facility. McGrain said, "you tell me this hairstyle is on your I.D [?]." In response, Plaintiff produced his identification, but McGrain and Defendant "Lieutenant ?" were not satisfied. They allegedly "locked [Plaintiff] in" for about an hour until they determined that his hairstyle was permissible.

      Upon screening, this Court found that Plaintiff's allegations, liberally construed, were

---

[1]This Court previously found that the operative pleading in this action is the Second Amended Complaint — First Claim (Docket No. 5, § 5A, at 4-5) and the Third Amended Complaint — First, Second, and "New Amended" claims (Docket No. 12). See Docket No. 13. McGrain is named in only the first claims of the Second and Third Amended Complaints. For purposes of this motion, the facts alleged in Plaintiff's Second and Third Amended Complaints (Docket Nos. 5 and 12) are assumed to be true.

[2]For purposes of this motion, the facts alleged in Plaintiff's Second and Third Amended Complaints (Docket Nos. 5 and 12) are assumed to be true.

[3]"Lieutenant ?" presumably is Defendant Judd Sullivan. See Docket No. 13.

1

sufficient to order service of the complaint as alleging a First Amendment religious-liberty claim and a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, et seq. (Docket Nos. 10, 13.)

McGrain now moves to dismiss these claims against him. Rule 12 (b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1945, 173 L.Ed.2d 868 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 129 S.Ct. at 1949. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief. Id. at 1950; Fed. R. Civ. P. 8 (a)(2). Well-pleaded allegations must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

Even construing Plaintiff's First Amendment and RLUIPA claims in the most liberal fashion possible, and drawing the strongest inferences in Plaintiff's favor, this Court reaches the inescapable conclusion that the claims must be dismissed. To sustain either claim, Plaintiff must prove that he was subjected to a "substantial burden" on his religious

practices. See Ramsey v. Goord, 661 F.Supp.2d 370, 395 (W.D.N.Y. 2009) ("Whether asserted under the First Amendment or the RLUIPA, a religious liberty claim requires the prisoner to demonstrate 'that the disputed conduct substantially burdens his sincerely held religious beliefs.'" (quoting Salahuddin v. Goord, 467 F.3d 263, 274-75 (2d Cir. 2006)). A substantial burden is one that "pressures [Plaintiff] to commit an act forbidden by his religion or prevents him from engaging in conduct or having a religious experience mandated by his faith." Brown v. Graham, No. 9:07-CV-1353, 2010 WL 6428251, at *15 (N.D.N.Y. Mar. 30, 2010).

Under any formulation — and Plaintiff has now stated his claim at least three different times — McGrain's decision to "lock in" Plaintiff for an hour while he investigated the legality of Plaintiff's haircut does not raise a plausible claim that McGrain substantially burdened Plaintiff's religious beliefs or practices. The most that could be said is that Plaintiff was inconvenienced, which is not actionable. See Brown, 2010 WL 6428251 at *15 (holding that "the interference must be more than an inconvenience"); Alameen v. Coughlin, 892 F.Supp. 440, 448 (E.D.N.Y. 1995) (similar). Defendant McGrain's motion will therefore be granted.

IT HEREBY IS ORDERED, that Defendant McGrain's Motion to Dismiss (Docket No. 18) is GRANTED.

SO ORDERED.

Dated:   December 4, 2012
         Buffalo, New York

       /s/William M. Skretny
      WILLIAM M. SKRETNY
           Chief Judge
    United States District Court