UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT R. SIOLESKI,

        Plaintiff,

   -vs-

LIEUTENANT (RET.) JUDD
SULLIVAN and J. ISAACS,

        Defendants.

No. 1:10-CV-0665(MAT)
**DECISION AND ORDER**

---

## I. Introduction

Pro se plaintiff Robert R. Sioleski ("PLaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), instituted this action against Defendants pursuant to 42 U.S.C. § 1983. Plaintiff claimed that on April 20, 2010, defendants harassed him about his Native American hairstyle and placed him in keeplock for an hour while they determined whether his hairstyle was in compliance with DOCCS' rules. Plaintiff asserted these actions violated his First Amendment right to the free exercise of his religion. Plaintiff also asserted that defendants filed a false misbehavior report against him in retaliation for instituting this lawsuit.

On March 19, 2013, Defendants filed a Motion to Dismiss (Dkt #37) Plaintiff's Third Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Court (Skretny, D.J.) issued an Order (Dkt #40) directing Plaintiff to file a response to Defendants' Motion to Dismiss by May 3, 2013, and stating that Plaintiff's failure to file and serve a timely response "may result in this Court granting

Defendants' motion as uncontested pursuant to Local Rule 7(a)(2)(A) or dismissing Plaintiff's case for failure to prosecute." Dkt #40. The matter was transferred to the undersigned on August 16, 2013 (Dkt #41).

The due date specified in Judge Skretny's Order passed without Plaintiff filing a responsive pleading or requesting an extension of time in which to file a response. This Court issued a Decision and Order (Dkt #42) granting Defendants' Motion to Dismiss as uncontested pursuant to Local Rule 7(a)(2)(A), and dismissing Plaintiff's Third Amended Complaint in its entirety.

Plaintiff now has filed letter which was docketed as a Motion for Reconsideration (Dkt #47). Plaintiff states that he seeks "reargument" of his case and that this is his "second try to have certain birth rights granted by the Court so while incarcerated" he can "have [his] Native American hairstyle (mullet) [and] also smudged sage/sweetgrass. . . ." Dkt #47 at 1. Defendants have not responded to the Motion for Reconsideration. For the reasons discussed below, Plaintiff's Motion for Reconsideration is denied.

**II. Discussion**

The rule under which Plaintiff seeks reconsideration is unclear, but because his motion was not served within 28 days after the entry of the Court's determination of the original motion, the Court will treat the reconsideration motion as filed under Rule 60(b), rather than Rule 59(e), of the Federal Rules of Civil Procedure. See, e.g., Ross v. Cooper, No. 90 Civ. 304(PGG), 2008 WL 5062727, at *2 (S.D.N.Y. Nov. 24, 2008)(treating pro se plaintiff's

reconsideration motion as filed pursuant to Rule 60(b) rather than former Rule 59(e), where reconsideration motion was filed more than ten days after entry of court's determination of original motion) (citing Briller v. Barnhart, No. 04 Civ. 3649(RWS), 2006 WL 118367, at *1 n. 1 (S.D.N.Y. Jan. 16, 2006) (same)).

The Second Circuit has explained that Rule 60(b) "should be broadly construed to do 'substantial justice,' yet final judgments should not 'be lightly reopened.'" Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (internal and other quotation and citations omitted). Further, because Rule 60(b) permits "extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." Id. (citations omitted).

Pursuant to Rule 60(b), "[o]n motion and just terms, a court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Plaintiff does not specify any of these reasons as a basis for this Court to reconsider its Decision and Order granting Defendants' motion to dismiss.

-3-

Assuming Plaintiff had cited one or more of the first three subsections under Rule 60(b), the instant motion fails because it is untimely: "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c). Here, more than a year elapsed since the entry of the August 27, 2013 order granting dismissal and Plaintiff's February 11, 2015 motion for reconsideration. Therefore, Rule 60(b)(1), (2), and (3) cannot provide a basis for relief because Plaintiff's motion was not filed within the one-year time limit applicable to those subsections.

Rule 60(b)(4) is inapplicable. See Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 193 (2d Cir.2006) ("A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure 'only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'") (quotation omitted). Rule 60(b)(5) is also inapplicable to this case because the judgment has not "been satisfied, released or discharged[,]" id., is not "based on an earlier judgment that has been reversed or vacated," id., and this is not a situation where "applying it prospectively is no longer equitable," id.

Rule 60(b)(6), the catch-all provision, permits reconsideration for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). "It is well established, however, that a 'proper case' for Rule 60(b) relief is only one of 'extraordinary

circumstances,' or 'extreme hardship.'" <u>United States v. Cirami</u>, 563 F.2d 26, 32 (2d Cir. 1977) (quotation omitted).

Plaintiff states that DOCCS' employees "always want some kind of proof" of his Native American heritage when he seeks to purchase smudged sage/sweetgrass and to maintain his hair in a traditional Native American hairstyle, and that it "gets to the point of harassment." Dkt #47 at 1. To the extent that Plaintiff is attempting to demonstrate "extraordinary circumstances" or "extreme hardship", his allegations pertain to the substance of his discriminatory treatment claims in his Third Amended Complaint, which the Court dismissed without reaching the merits due to his failure to comply with a Court order directing the filing of opposition papers. Since the Decision and Order that Plaintiff seeks to vacate did not decide the merits of his claim, the Court finds that these allegations arguably are irrelevant to the present motion and, in any event, do not constitute "extraordinary circumstances" or "extreme hardship" as a matter of law. <u>See</u>, <u>e.g.</u>, <u>Broadway v. City of N.Y.</u>, No. 96 Civ. 2798(RPP), 2003 WL 21209635, at *4 (S.D.N.Y. May 21, 2003) (holding that <u>pro se</u> plaintiff who had been "in and out of the hospital, suffering from a mental condition and in and out of prison" had not demonstrated "extraordinary" circumstances that would warrant reconsideration under Rule 60(b)(6)).

Plaintiff has not attempted to show that "extraordinary circumstances" or "extreme hardship" prevented him from contesting Defendants' motion to dismiss, and therefore he has not provided

-5-

the Court with any basis under Rule 60(b)(6) to vacate its order dismissing the Third Amended Complaint pursuant to Local Rule 7(a)(2)(A). Finally, "[t]he "extraordinary circumstances" required for relief under Rule 60(b)(6) must also suggest that the moving party 'is faultless in the delay.'" Orix Fin. Servs., Inc. v. Thunder Ridge Energy, Inc., 579 F. Supp.2d 498, 512 (S.D.N.Y. 2008) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993)), vacated on other grounds, 369 F. App'x 174 (2d Cir. 2010). There is no such suggestion on the record here.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Dkt #47) is denied with prejudice.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: August 24, 2015
Rochester, New York

-6-